THE STATE EX REL. CITY OF WESTLAKE, APPELLANT,

*v.* CORRIGAN, JUDGE, APPELLEE.

[Cite as *State ex rel. Westlake v. Corrigan,*
112 Ohio St.3d 463, 2007-Ohio-375.]

(No. 2006–1278—Submitted January 10, 2007—Decided February 14, 2007.)

**Per Curiam.**

{¶ 1} This is an appeal from a judgment dismissing an action for a writ of prohibition to prevent a common pleas court judge from proceeding in an action to enforce an arbitration agreement after arbitration has already been completed. Because the judge does not patently and unambiguously lack jurisdiction to do so after the arbitration award has been vacated, we affirm the judgment of the court of appeals.

{¶ 2} Charles D. Shimola owns certain property in appellant, city of Westlake, Ohio. After disputes arose between Shimola and Westlake concerning Shimola's property, they entered into an agreement incorporated in a judgment entry in 1993 to resolve litigation between them.

{¶ 3} When further disputes arose concerning the development of Shimola's property, three cases were filed concerning the 1993 agreed entry. In 1998, the Cuyahoga County Court of Common Pleas consolidated the cases and declared the agreed entry valid. Following a jury trial, the jury awarded Shimola $2.5 million dollars in damages for Westlake's failure to comply with the 1993 agreed entry. The trial court, however, granted the city a judgment notwithstanding the verdict on the basis that Shimola had failed to demonstrate any legally cognizable damages. The trial court granted Shimola $61,728.81 in attorney fees.

{¶ 4} On appeal, the court of appeals affirmed in part and reversed in part. *Shimola v. Westlake* (Sept. 14, 2000), Cuyahoga App. Nos. 75164, 75165, and 75204, 2000 WL 1297696. The court of appeals held that although it disagreed with the trial court's conclusion that Shimola did not establish any legally recognized damages, the damages awarded by the jury were excessive and required a retrial. We did not allow Westlake's discretionary appeal from the judgment. *Shimola v. Westlake* (2001), 91 Ohio St.3d 1419, 741 N.E.2d 145.

{¶ 5} Before the retrial of these cases, Shimola and Westlake entered into an agreement to submit to binding arbitration an issue defined in part as follows: "consideration and award of economic damages sustained by Chas. D. Shimola from breaches of the Agreed Judgment Entry." After hearing argument concerning the scope of the arbitration, the three-member arbitration panel issued an order indicating that the "arbitrators have unanimously agreed that the Plaintiff must show by appropriate evidence what damages were proximately caused by the Defendant's conduct."

{¶ 6} Arbitration hearings commenced in April 2003 and ended in May 2004 after 44 sessions over 15 months. On September 2, 2004, the arbitration panel issued an award of $560,000 in damages to Shimola.

{¶ 7} Shortly thereafter, Westlake filed a motion in the Cuyahoga County Court of Common Pleas to confirm the arbitration award. Shimola later filed a motion to rescind the arbitration agreement, vacate the arbitration decision, set the case for a jury trial, and defer ruling on the remaining aspects of the motion pending a jury trial on his separate case for enforcement of the arbitration agreement under R.C. 2711.03.

{¶ 8} On the same day, Shimola filed that action under R.C. 2711.03 against Westlake in the Cuyahoga County Court of Common Pleas in case No. CV 04 548603. Shimola requested that—if the court in the related cases did not rescind the arbitration agreement—a jury and court find that the arbitrators were constrained to accept certain facts as conclusively established, that the arbitrators were not permitted to consider certain issues pertaining to cognizable damages, and that the city and arbitration panel had breached the parties' arbitration agreement. Appellee, Judge Peter J. Corrigan of the common pleas court, denied the city's motion to dismiss Shimola's R.C. 2711.03 action.

{¶ 9} In June 2005, Westlake filed a petition in the Court of Appeals for Cuyahoga County for a writ of prohibition to prevent Judge Corrigan from proceeding further in the R.C. 2711.03 case and to compel him to dismiss the case for lack of jurisdiction. Judge Corrigan filed a motion to dismiss.

{¶ 10} Shimola's R.C. 2711.03 action was consolidated with the other cases. In January 2006, Judge Corrigan denied Westlake's motion to confirm the arbitration award and granted Shimola's motion and vacated the arbitration award pursuant to R.C. 2711.10(D). Judge Corrigan vacated the arbitration award because "the arbitrators exceeded their authority when they considered proximate cause as an element of damages because the four corners of the arbitration agreement specifically excluded the parties' intention to arbitrate this element."

{¶ 11} On June 27, 2006, the court of appeals granted Judge Corrigan's motion in the prohibition case and dismissed Westlake's petition.

Prohibition

{¶ 12} In this appeal as of right, Westlake asserts that the court of appeals erred in dismissing its prohibition claim. In order to be entitled to the requested writ of prohibition, Westlake must establish that (1) Judge Corrigan is about to exercise judicial power, (2) the exercise of that power is unauthorized by law, and (3) denial of the writ will cause injury for which no other adequate remedy in the ordinary course of law exists. *State ex rel. Brady v. Pianka,* 106 Ohio St.3d 147, 2005-Ohio-4105, 832 N.E.2d 1202, ¶ 7. Judge Corrigan has exercised and continues to exercise judicial authority by proceeding in the R.C. 2711.03 case commenced by Shimola.

{¶ 13} Regarding the remaining requirements, "[p]rohibition will not issue if the relator has an adequate remedy in the ordinary course of law." *State ex rel. Peffer v. Russo,* 110 Ohio St.3d 175, 2006-Ohio-4092, 852 N.E.2d 170, ¶ 13. "In the absence of a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party challenging that jurisdiction has an adequate remedy by appeal." *State ex rel. Shimko v. McMonagle* (2001), 92 Ohio St.3d 426, 428–429, 751 N.E.2d 472.

{¶ 14} For the following reasons, the court of appeals properly determined that Judge Corrigan did not patently and unambiguously lack jurisdiction to proceed in the underlying case.

{¶ 15} First, Judge Corrigan has basic statutory jurisdiction under R.C. 2711.16 to hear Shimola's R.C. 2711.03 action. See R.C. 2711.16 ("Jurisdiction of judicial proceedings provided for by sections 2711.01 to 2711.14, inclusive, of the Revised Code, is generally in the courts of common pleas").

{¶ 16} Second, under R.C. 2711.03, a party aggrieved by the failure of a person to perform under a written arbitration agreement may petition an appropriate common pleas court for an order directing the parties to proceed to arbitration in accordance with the agreement:

{¶ 17} "(A) The party aggrieved by the alleged failure of another to perform under a written agreement for arbitration may petition any court of common pleas having jurisdiction of the party so failing to perform for an order directing that the arbitration proceed in the manner provided for in the written agreement. * * * The court shall hear the parties, and, upon being satisfied that the making of the agreement for arbitration or the failure to comply with the agreement is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the agreement.

{¶ 18} "(B) If the making of the arbitration agreement or the failure to perform it is in issue in a petition filed under division (A) of this section, the court shall proceed summarily to the trial of that issue. * * * Upon the party's

demand for a jury trial, the court shall make an order referring the issue to a jury * * *. If the jury finds that no agreement in writing for arbitration was made or that there is no default in proceeding under the agreement, the proceeding shall be dismissed. If the jury finds that an agreement for arbitration was made in writing and that there is a default in proceeding under the agreement, the court shall make an order summarily directing the parties to proceed with the arbitration in accordance with that agreement."

{¶ 19} The text of R.C. 2711.03 is unclear whether it could apply to a completed arbitration award. Read in isolation from other arbitration provisions, the statute could refer to a party aggrieved by the failure of an arbitration panel to perform in accordance with an arbitration agreement even though an award has already been made.

{¶ 20} To be sure, because R.C. 2711.03 relates to the same subject matter as the other arbitration provisions in R.C. Chapter 2711, the statutes must be construed in pari materia and harmonized so as to give full effect to the statutes. *State ex rel. Choices for South–Western City Schools v. Anthony*, 108 Ohio St.3d 1, 2005-Ohio-5362, 840 N.E.2d 582, ¶ 46. One of these other provisions is R.C. 2711.09, which specifies that after an arbitration award has been made and a party to the arbitration proceeding applies to the common pleas court for an order confirming the award, "the court shall grant such an order and enter judgment thereon, *unless the award is vacated, modified, or corrected as prescribed in sections 2711.10 and 2711.11 of the Revised Code.*" (Emphasis added.)

{¶ 21} R.C. 2711.09 does not permit a party to use R.C. 2711.03 as an alternate means to vacate, modify, or correct a completed arbitration award that is the subject of a pending motion to confirm. That is, "[o]nce an arbitration is completed, a court has no jurisdiction except to confirm and enter judgment (R.C. 2711.09 and 2711.12), vacate (R.C. 2711.10 and 2711.13), modify (R.C. 2711.11 and 2711.13), correct (R.C. 2711.11 and 2711.13), or enforce the judgment (R.C. 2711.14)." *State ex rel. R.W. Sidley, Inc. v. Crawford*, 100 Ohio St.3d 113, 2003-Ohio-5101, 796 N.E.2d 929, ¶ 22.

{¶ 22} Nevertheless, in this case, Judge Corrigan had vacated the arbitration award by the time the court of appeals dismissed Westlake's prohibition claim. Cf. *State ex rel. Newton v. Court of Claims* (1995), 73 Ohio St.3d 553, 557, 653 N.E.2d 366 (in a writ case, a court is not limited to facts at the time a proceeding is commenced, but should consider facts at the time it determines whether to issue a writ). By vacating the award and denying Westlake's motion to confirm, Judge Corrigan then did not patently and unambiguously lack jurisdiction over Shimola's R.C. 2711.03 claim, because the award ceased to exist, and R.C. 2711.03 could apply to direct the parties to proceed with arbitration in accordance with

the agreement. Therefore, in the absence of a patent and unambiguous lack of jurisdiction on the part of Judge Corrigan, Westlake has or had an adequate remedy at law by appeal to raise its contentions.

{¶ 23} Based on the foregoing, the court of appeals did not err in dismissing Westlake's prohibition claim. Accordingly, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., PFEIFER, LUNDBERG STRATTON, O'CONNOR and CUPP, JJ., concur.

LANZINGER, J., concurs in judgment only.

O'DONNELL, J., not participating.

---

Roetzel & Andress, L.P.A., George W. Rooney Jr., and John J. Schriner; and John D. Wheeler, Westlake Director of Law, for appellant.

William D. Mason, Cuyahoga County Prosecuting Attorney, and Charles E. Hannan, Assistant Prosecuting Attorney, for appellee.

William T. Wuliger, urging affirmance for amicus curiae, Charles D. Shimola.