THE STATE EX REL. EVERHART, APPELLANT, v. McINTOSH, JUDGE, APPELLEE.

[Cite as *State ex rel. Everhart v. McIntosh*,
115 Ohio St.3d 195, 2007-Ohio-4798.]

(No. 2007-0711—Submitted September 12, 2007—Decided September 20, 2007.)

———————

**Per Curiam.**

{¶ 1} This is an appeal from a judgment denying a writ of prohibition to prevent a common pleas court judge from proceeding in a case during the purported pendency of an appeal. Because that appeal was dismissed as premature, we affirm.

{¶ 2} Appellant, Angela Sue Everhart, is the plaintiff in a medical malpractice case in the Franklin County Court of Common Pleas entitled *Everhart v. Knox Community Hosp.*, case No. 03CV–9986. Judge Angela White orally denied Everhart's motion for a protective order and modification of a subpoena in that case, and Everhart appealed from that decision to the Franklin County Court of Appeals in case No. 06AP–971.

{¶ 3} In October 2006, Everhart filed a complaint in the Court of Appeals for Franklin County for a writ of prohibition to prevent Judge White from exercising any jurisdiction in the underlying case relating to discovery during the pendency of her appeal from the denial of her motion for a protective order and for modification of a subpoena.

{¶ 4} On November 6, 2006, the court of appeals dismissed Everhart's appeal from the denial of her motion in the medical malpractice case for lack of a final appealable order. The court of appeals concluded that Everhart had "filed a premature notice of appeal from a purported oral decision of the trial court denying [her] motion for protective order and motion to modify subpoena" and that "[a] review of the record indicates a judgment entry has not been entered by the trial court."

{¶ 5} Judge White filed a Civ.R. 12(B)(6) motion to dismiss Everhart's prohibition action for failure to state a claim upon which relief can be granted. The court of appeals, sua sponte, took judicial notice that it had dismissed Everhart's appeal from Judge White's decision in the medical malpractice case, and it granted Judge White's motion and denied the writ.

{¶ 6} This cause is now before the court upon Everhart's appeal from the denial of her prohibition case. We substitute Judge White's successor, Judge Stephen L. McIntosh, for her as the appellee. Civ.R. 25(D)(1).

{¶ 7} Everhart first asserts that the court of appeals erred in taking judicial notice of its dismissal of her appeal from Judge White's decision in the medical malpractice case when that dismissal was not part of the record in the prohibition case. Everhart is correct that it has been held that "trial courts may not take judicial notice of their own proceedings in other cases even when the cases involve the same parties." *Phillips v. Rayburn* (1996), 113 Ohio App.3d 374, 379, 680 N.E.2d 1279, fn. 1, and cases cited therein; see, also, *In re Knotts* (1996), 109 Ohio App.3d 267, 271, 671 N.E.2d 1357. "The rationale for these holdings is that when judicial notice is taken of prior proceedings, such prior proceedings are not part of the record as defined in App.R. 9, and whether the trial court correctly interpreted such prior proceedings is not reviewable by the appellate court." *Phillips*, 113 Ohio App.3d at 379, 680 N.E.2d 1279, fn. 1.

{¶ 8} It is true that the record here does not include the dismissal entry relied upon by the court of appeals. It is also true that the website of the clerk of the

trial court does not include this entry. See http://fcdcfcjs.co.franklin.oh.us. Cf. *Doe v. Golden & Walters, P.L.L.C.* (Ky.App.2005), 173 S.W.3d 260, 265 (court takes judicial notice of content of federal district court's docket in separate cases that are accessible via the Internet); *Leatherworks Partnership v. Berk Realty, Inc.* (Nov. 15, 2005), N.D.Ohio No. 4:04 CV 0784, 2005 WL 3059623, *2 (court takes judicial notice of public court records available on Internet).

{¶ 9} Nevertheless, Everhart filed the dismissal entry as part of her supplement in this appeal. "Our plenary authority in extraordinary actions permits us to consider the instant appeal as if it had been filed in this court originally." *State ex rel. Walker v. Lancaster City School Dist. Bd. of Edn.* (1997), 79 Ohio St.3d 216, 220, 680 N.E.2d 993.

{¶ 10} Because the parties agree that the court of appeals did, in fact, dismiss Everhart's appeal from Judge White's oral decision to deny Everhart's discovery motion in the medical malpractice case, we will exercise this authority here. See, e.g., *State ex rel. Fogle v. Steiner* (1995), 74 Ohio St.3d 158, 163, 656 N.E.2d 1288. It is appropriate for us to take judicial notice of the dismissal entry in deciding whether dismissal of Everhart's prohibition claim was warranted. See *Stutzka v. McCarville* (C.A.8, 2005), 420 F.3d 757, 761, fn. 2 (court takes judicial notice of judicial opinions and public records on motion to enlarge record in appeal); *State ex rel. Cincinnati Enquirer, Div. of Gannett Satellite Info. Network, Inc. v. Dupuis,* 98 Ohio St.3d 126, 2002-Ohio-7041, 781 N.E.2d 163, ¶ 8 ("An event that causes a case to become moot may be proved by extrinsic evidence outside the record"); *State ex rel. Scott v. Cleveland,* 112 Ohio St.3d 324, 2006-Ohio-6573, 859 N.E.2d 923, ¶ 26 (court can take judicial notice of appropriate matters in determining Civ.R. 12(B)(6) motion without converting it to a motion for summary judgment).

{¶ 11} In so holding, we reject Everhart's claim that only matters in existence at the time a complaint is filed can be judicially noticed in assessing a Civ.R. 12(B)(6) motion. In extraordinary-writ cases, courts are not limited to the facts at the time a proceeding is commenced, but should consider facts at the time it determines whether to grant the writ. See *State ex rel. Westlake v. Corrigan,* 112 Ohio St.3d 463, 2007-Ohio-375, 860 N.E.2d 1017, ¶ 22 (court could consider events occurring after complaint in prohibition case was filed in determining motion to dismiss).

{¶ 12} On the merits issue, Everhart contends that the court of appeals erred in denying the writ of prohibition because her premature appeal of the denial of her motion for a protective order divested Judge White of jurisdiction to proceed in the underlying civil case. "[W]e have consistently held that *once an appeal is perfected,* the trial court is divested of jurisdiction over matters that are inconsistent with the reviewing court's jurisdiction to reverse, modify, or affirm the

judgment." (Emphasis added.) *State ex rel. Rock v. School Emp. Retirement Bd.*, 96 Ohio St.3d 206, 2002-Ohio-3957, 772 N.E.2d 1197, ¶ 8; see, also, *In re S.J.*, 106 Ohio St.3d 11, 2005-Ohio-3215, 829 N.E.2d 1207, ¶ 9.

{¶ 13} Even so, the court of appeals correctly concluded that the foregoing rule does not apply when the appeal is no longer pending. *Rock* at ¶ 9 ("neither S.Ct.Prac.R. II(2)(D)(1) nor the foregoing precedent authorizes a court to dismiss a case for lack of jurisdiction once the appeal involving the case has concluded"); *State ex rel. Neff v. Corrigan* (1996), 75 Ohio St.3d 12, 16, 661 N.E.2d 170 ("even if the attorney fees matter had been raised in the prior appeals, once those appeals were dismissed, [the trial judge] possessed jurisdiction to consider [the] motion"); *State ex rel. Newton v. Court of Claims* (1995), 73 Ohio St.3d 553, 558, 653 N.E.2d 366 (once appeal was dismissed, trial court had jurisdiction to rule on previously filed motion for relief from judgment).

{¶ 14} Moreover, a premature notice of appeal under App.R. 4(C) does not divest the trial court of jurisdiction to proceed because the appeal has not yet been perfected. *Bennington v. Robinson* (Feb. 7, 2000), Stark App. No. 1999CA00212, 2000 WL 222156, *2; App.R. 4(C) ("A notice of appeal filed after the announcement of a decision, order, or sentence but before entry of the judgment or order that begins the running of the appeal time period is treated as filed immediately after the entry"). Because no entry was journalized, Everhart's attempted appeal was not perfected, and the appeal did not prevent the trial court from proceeding in the medical malpractice case.

{¶ 15} Based on the foregoing, the court of appeals correctly denied the writ of prohibition. Judge White had the requisite jurisdiction to proceed in the underlying case once Everhart's appeal had been dismissed. Accordingly, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

---

Bringman & Bringman Co., L.P.A., and William Paul Bringman, for appellant.

Ron O'Brien, Franklin County Prosecuting Attorney, and A. Paul Thies, Assistant Prosecuting Attorney, for appellee.