[Cite as *State ex rel. Head v. Brown*, 2017-Ohio-63.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. Michael Head, | : | |
| Relator, | : | |
| v. | : | No. 16AP-618 |
| Judge Chris Brown, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

D E C I S I O N

Rendered on January 10, 2017

**On brief:** *Michael Head,* pro se.

**On brief:** *Ron O'Brien,* Prosecuting Attorney, and *Benjamin D. Humphrey,* for respondent.

IN PROCEDENDO
ON RESPONDENT'S MOTION TO DISMISS

TYACK, P.J.

{¶ 1} Michael Head filed this action in procedendo seeking to compel a ruling on a petition Head filed in his criminal case. The petition had been filed when a previous judge was handling Head's criminal case.

{¶ 2} In accord with Loc.R. 13 of the Tenth District Court of Appeals, this case in procedendo was referred to a magistrate of this court. The magistrate became aware that after Head filed his action in procedendo, the judge now assigned to Head's case had ruled on Head's petition. As a result, our magistrate filed a magistrate's decision, appended hereto, recommending to the court that the procedendo case be dismissed. This appellate court did not need to issue a writ to compel an act which had already been performed.

The magistrate indicated that it would not be appropriate to assess court costs against Head since the common pleas court took over five years to rule on Head's petition.

{¶ 3} We adopt the findings of fact and conclusions of law contained in the magistrate's decision. We dismiss this case with no costs to be assessed against either party.

*Case dismissed.*

BROWN and HORTON, JJ., concur.

———————————

# A P P E N D I X

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. Michael Head, | : | |
| Relator, | : | |
| v. | : | No. 16AP-618 |
| Judge Chris Brown, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

## M A G I S T R A T E ' S   D E C I S I O N

### Rendered on October 20, 2016

*Michael Head,* pro se.

*Ron O'Brien,* Prosecuting Attorney, and *Benjamin D. Humphrey,* for respondent.

### IN PROCEDENDO
### ON RESPONDENT'S MOTION TO DISMISS

{¶ 4} Relator, Michael Head, has filed this original action requesting this court issue a writ of procedendo ordering respondent, the Honorable Chris Brown, judge of the Franklin County Court of Common Pleas, to rule on his petition to vacate or set aside judgment of conviction or sentence filed on August 11, 2011.

Findings of Fact:

{¶ 5} 1. Relator is an inmate currently incarcerated at Ross Correctional Institution.

{¶ 6} 2. On August 31, 2016, relator filed this original action asking this court to issue a writ of procedendo ordering respondent to rule on a motion he filed August 11, 2011.

{¶ 7} 3. On September 29, 2016, respondent filed a motion to dismiss to which respondent attached the September 1, 2016 journal entry denying relator's petition to vacate or set aside judgment of conviction or sentence filed August 11, 2011.

Conclusions of Law:

{¶ 8} For the reasons that follow, it is the magistrate's decision that this court should grant respondent's motion and dismiss relator's procedendo action.

{¶ 9} In order to be entitled to a writ of procedendo, a relator must establish a clear legal right to require that court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Miley v. Parrott*, 77 Ohio St.3d 64, 65 (1996). A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. *Id.*

{¶ 10} An " 'inferior court's refusal or failure to timely dispose of a pending action is the ill a writ of procedendo is designed to remedy.' " *State ex rel. Dehler v. Sutula*, 74 Ohio St.3d 33, 35 (1995), quoting *State ex rel. Levin v. Sheffield Lake*, 70 Ohio St.3d 104, 110 (1994).

{¶ 11} Procedendo is an order from a court of superior jurisdiction to proceed to judgment: it does not attempt to control the inferior court as to what the judgment should be. *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas*, 72 Ohio St.3d 461, 462 (1995).

{¶ 12} A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545 (1992). In reviewing the complaint, the court must take all the material allegations as admitted and construe all reasonable inferences in favor of the nonmoving party. *Id.*

{¶ 13} In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that relator can prove no set of facts entitling him to recovery. *O'Brien v. Univ. Community Tenants*

*Union,* 42 Ohio St.2d 242 (1975). As such, a complaint for writ of mandamus is not subject to dismissal under Civ.R. 12(B)(6) if the complaint alleges the existence of a legal duty by the respondent and the lack of an adequate remedy at law for relator with sufficient particularity to put the respondent on notice of the substance of the claim being asserted against it, and it appears that relator might prove some set of facts entitling him to relief. *State ex rel. Boggs v. Springfield Local School Dist. Bd. of Edn.,* 72 Ohio St.3d 94 (1995). For the following reasons, respondent's motion should be granted and relator's complaint should be dismissed.

{¶ 14} As noted in the findings of fact, respondent attached to the motion to dismiss a copy of the trial court's September 1, 2016 entry denying the motion which relator's procedendo action seeks to compel. The magistrate takes judicial notice of the trial court's entry:

> [A] court can take judicial notice of "appropriate matters" in determining a Civ.R. 12(B)(6) motion without converting it to a motion for summary judgment. *State ex rel. Everhart v. McIntosh,* 115 Ohio St.3d 195, 2007-Ohio-4798, ¶ 10, 874 N.E.2d 516. These "appropriate matters" include prior proceedings in the immediate case. *Charles v. Conrad,* 10th Dist. No. 05AP-410, 2005-Ohio-6106, ¶ 26; *Brubaker v. Ross,* 10th Dist. No. 00AP-1159, 2001 Ohio App. LEXIS 1764 (Apr. 17, 2001).

*Pearson v. Columbus,* 10th Dist. No. 14AP-313, 2014-Ohio-5563, ¶ 17.

{¶ 15} Finding that respondent has now completed the act which relator sought to compel by filing this procedendo action, the matter is moot, and no writ should issue. However, given that the entry was filed more than 120 days from the filing of relator's motion and shortly after he filed this procedendo action, the magistrate recommends that this court waive costs.

/S/ MAGISTRATE
STEPHANIE BISCA

**NOTICE TO THE PARTIES**

**Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).**