IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio ex rel. Russell Chafin, | : | |
| Relator, | : | |
| v. | : | No. 16AP-572 |
| Judge Kim Brown, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

---

D E C I S I O N

Rendered on January 19, 2017

---

**On brief:** *Russell Chafin,* pro se.

**On brief:** *Ron O'Brien,* Prosecuting Attorney, and *Benjamin D. Humphrey,* for respondent.

---

IN PROCEDENDO

BROWN, J.

{¶ 1} Relator, Russell Chafin, has filed this original action requesting that this court issue a writ of procedendo ordering respondent, the Honorable Kim Brown, judge of the Franklin County Court of Common Pleas, to rule on his motion to withdraw guilty plea filed February 2, 2016. Respondent has filed a motion to dismiss.

{¶ 2} This matter was referred to a magistrate of this court, pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals. The magistrate issued the appended decision, including findings of fact and conclusions of law, and recommended that this court grant respondent's motion to dismiss. No objections have been filed to that decision.

{¶ 3}   As there have been no objections filed to the magistrate's decision, and it contains no error of law or other defect on its face, based on an independent review of the record, this court adopts the magistrate's decision. Respondent's motion to dismiss is granted.

*Motion to dismiss granted; action dismissed.*

TYACK, P.J., & HORTON, J., concur.

_____

APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. Russell Chafin, | : | |
| Relator, | : | |
| v. | : | No. 16AP-572 |
| Judge Kim Brown, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on September 28, 2016

*Russell Chafin,* pro se.

*Ron O'Brien,* Prosecuting Attorney, and *Benjamin D. Humphrey,* for respondent.

IN PROCEDENDO
ON RESPONDENT'S MOTION TO DISMISS

{¶ 4} Relator, Russell Chafin, has filed this original action requesting this court issue a writ of procedendo ordering respondent, the Honorable Kim Brown, judge of the Franklin County Court of Common Pleas, to rule on his motion to withdraw his guilty plea filed February 2, 2016.

Findings of Fact:

{¶ 5} 1. Relator is an inmate currently incarcerated at Pickaway Correctional Institution.

{¶ 6} 2. On September 20, 1993, relator pled guilty to one count of murder with a firearm specification, one count of attempted burglary, and one count of attempted abduction. The trial court sentenced him to 15 years to life for the murder, 3 years for the firearm specification, 2 to 10 years for the attempted burglary, and 6 months for the attempted abduction. The court ordered the sentences be served consecutively.

{¶ 7} 3. On February 2, 2016, relator filed a motion to withdraw his guilty plea pursuant to Crim.R. 32.1.

{¶ 8} 4. On August 9, 2016, relator filed this action in procedendo to compel respondent to rule on his motion.

{¶ 9} 5. On September 13, 2016, respondent filed a motion to dismiss to which respondent attached a copy of an entry filed August 15, 2016, wherein respondent denied relator's February 2, 2016 motion to withdraw his guilty plea, as well as a June 22, 2016 motion to compel the court's ruling.

Conclusions of Law:

{¶ 10} For the reasons that follow, it is the magistrate's decision that this court should grant respondent's motion, dismiss relator's complaint, and waive costs.

{¶ 11} In order to be entitled to a writ of procedendo, a relator must establish a clear legal right to require that court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Miley v. Parrott*, 77 Ohio St.3d 64, 65 (1996). A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. *Id.*

{¶ 12} An " 'inferior court's refusal or failure to timely dispose of a pending action is the ill a writ of procedendo is designed to remedy.' " *State ex rel. Dehler v. Sutula*, 74 Ohio St.3d 33, 35 (1995), quoting *State ex rel. Levin v. Sheffield Lake*, 70 Ohio St.3d 104, 110 (1994).

{¶ 13} Procedendo is an order from a court of superior jurisdiction to proceed to judgment: it does not attempt to control the inferior court as to what the judgment should be. *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas*, 72 Ohio St.3d 461, 462 (1995).

{¶ 14} A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545 (1992). In reviewing the complaint, the court must take all the material allegations as admitted and construe all reasonable inferences in favor of the nonmoving party. *Id.*

{¶ 15} In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that relator can prove no set of facts entitling him to recovery. *O'Brien v. Univ. Community Tenants Union*, 42 Ohio St.2d 242 (1975). As such, a complaint for writ of procedendo is not subject to dismissal under Civ.R. 12(B)(6) if the complaint alleges the existence of a legal duty by the respondent and the lack of an adequate remedy at law for relator with sufficient particularity to put the respondent on notice of the substance of the claim being asserted against it, and it appears that relator might prove some set of facts entitling him to relief. *State ex rel. Boggs v. Springfield Local School Dist. Bd. of Edn.*, 72 Ohio St.3d 94 (1995). For the following reasons, respondent's motion should be granted, and relator's complaint should be dismissed.

{¶ 16} As noted in the findings of fact, respondent attached to the motion to dismiss a copy of the trial court's August 15, 2016 entry denying the motion which relator's procedendo action seeks to compel. The magistrate takes judicial notice of the trial court's entry:

> [A] court can take judicial notice of "appropriate matters" in determining a Civ.R. 12(B)(6) motion without converting it to a motion for summary judgment. *State ex rel. Everhart v. McIntosh,* 115 Ohio St.3d 195, 2007-Ohio-4798, ¶ 10, 874 N.E.2d 516. These "appropriate matters" include prior proceedings in the immediate case. *Charles v. Conrad,* 10th Dist. No. 05AP-410, 2005-Ohio-6106, ¶ 26; *Brubaker v. Ross,* 10th Dist. No. 00AP-1159, 2001 Ohio App. LEXIS 1764 (Apr. 17, 2001).

*Pearson v. Columbus,* 10th Dist. No. 14AP-313, 2014-Ohio-5563, ¶ 17.

{¶ 17} Finding that respondent has now completed the act which relator sought to compel by filing this procedendo action, the matter is moot, and no writ should issue. However, given that the entry was filed more than 120 days from the filing of relator's

motion and shortly after he filed this procedendo action, the magistrate recommends that this court waive costs.

/S/ MAGISTRATE
STEPHANIE BISCA


**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).