[Cite as *State ex rel. Mcie v. Forsthoefel*, 2021-Ohio-4483.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, EX REL. MELODY MCIE (On behalf of Brayden and Jadalena Mcie, minors) | : | |
| | : | |
| | : | |
| | : | |
| | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Relator | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 21-COA-016 |
| | : | |
| RONALD P. FORSTHOEFEL | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| Respondent | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Writ of Mandamus

JUDGMENT:     Dismissed

DATE OF JUDGMENT ENTRY:     December 17, 2021

APPEARANCES:

For Relator:

MELODY MCIE
214 Maple Street
Orrville, Ohio 44667

For Respondent:

TERESA L. GRIGSBY
JENNIFER A. MCHUGH
Spengler Nathanson P.L.L.
900 Adams Street
Toledo, Ohio 43604

*Delaney, J.*

{¶1} On September 2, 2021, Relator Melody Mcie, on behalf of Brayden and Jadalena Mcie, filed a Petition for Writ of Mandamus against Respondent Judge Ronald P. Forsthoefel.  On October 29, 2021, Judge Forsthoefel filed a Motion to Dismiss under Civ.R. 12(B)(6). Ms. Mcie did not file a response to the motion.

## CIVIL RULE 12(B)(6) STANDARD

{¶2} A Civ.R. 12(B)(6) motion tests the sufficiency of the complaint, and dismissal is appropriate where the complaint "fail[s] to state a claim upon which relief can  be granted." In construing a Civ.R. 12(B)(6) motion, the court must presume all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988). Before we can dismiss the petition, it must appear beyond doubt that petitioner can prove no set of facts entitling her to recovery. *See O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 327 N.E.2d 753 (1975), syllabus.

## FACTS AND PROCEDURAL HISTORY

{¶3} Ms. Mcie is the grandmother of Brayden and Jadalena Mcie. She has legal custody and/or control of the children, who are both under the age of 18. A civil case is currently pending in the Ashland County Court of Common Pleas, *Melody Mcie, et al. v. John Bogavich, et al.*, Case No. 21-CIV-091, on behalf of the minor children. On July 27, 2021, in the pending civil action, Ms. Mcie filed a motion under Civ.R. 17(B) requesting the appointment of counsel for the minor children.

{¶4} Ms. Mcie thereafter filed her Petition for Writ of Mandamus in this Court on September 2, 2021. Ms. Mcie asks us to appoint a guardian ad litem on behalf of the

minor children under Civ.R. 17(B) because they are minors in a civil case. She claims Judge Forsthoefel "is under a clear legal duty to assign a guardian ad litem or take other protective action for the minors pursuant to the mandatory language of 'shall' in Civ.R. 17(B)." Petition, ¶ 10. On September 20, 2021, the trial court magistrate issued an order denying Ms. Mcie's motion because she failed to include the required certificate of service. Ms. Mcie renewed her motion.  The trial court scheduled a hearing on Ms. Mcie's motion on October 22, 2021.

{¶5}  On October 26, 2021, the magistrate issued an order confirming the hearing occurred indicating the parties had until November 5, 2021, to file memoranda supporting their respective positions. On November 18, 2021, the magistrate issued his decision denying Ms. Mcie's Renewed Motion to Appoint Counsel to Unrepresented Minors. However, the magistrate gave Ms. Mcie until Friday, January 7, 2022, to retain counsel and cause a Notice of Appearance to be filed with the court. If that does not occur, the underlying case will be dismissed without prejudice, noting the minors can refile their lawsuit upon attaining the age of 18.

### ELEMENTS/PURPOSE OF WRIT OF MANDAMUS

{¶6} R.C. 2731.03 provides: "The writ of mandamus may require an inferior tribunal to exercise its judgment, or proceed to the discharge of any of its functions, but it cannot control judicial discretion." For a writ of mandamus to issue, the relator must have a clear legal right to the relief prayed for, the respondent must be under a clear legal duty to perform the requested act, and relator must have no plain and adequate remedy in the ordinary course of law. (Citations omitted.) *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28, 29, 451 N.E.2d 225 (1983).

{¶7} Thus, "[m]andamus is an extraordinary remedy 'to be issued with great caution and discretion and only when the way is clear.' " *State ex rel. Taylor v. Glasser*, 50 Ohio St.2d 165, 166, 364 N.E.2d 1 (1977), citing *State ex rel. Kriss v. Richards*, 102 Ohio St. 455, 457, 132 N.E. 23 (1921), and *State ex rel. Skinner Engine Co. v. Kouri*, 136 Ohio St. 343, 25 N.E.2d 940 (1940), paragraph one of the syllabus. "Extraordinary remedies, i.e. mandamus * * * are available only when usual forms of procedure are incapable of affording relief. They may not be employed before trial on the merits, as a substitute for an appeal for the purpose of reviewing mere errors, or irregularities in the proceedings of a court having proper jurisdiction." *State ex rel. Woodbury v. Spitler*, 34 Ohio St.2d 134, 137, 296 N.E.2d 526 (1973).

> 'It is the well-settled general rule in Ohio that the issuance of a writ of mandamus rests, to a considerable extent at least, within the sound discretion of the court to which application for the writ is made. The writ is not demandable as a matter of right, or at least is not wholly a matter of right; nor will it issue unless the relator has a clear right to the relief sought, and makes a clear case for the issuance of the writ. The facts submitted and the proof produced must be plain, clear, and convincing before a court is justified in using the strong arm of the law by way of granting the writ.'

(Citation omitted.) *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141, 161, 228 N.E.2d 631 (1967).

### A. The Court takes judicial notice of the underlying lawsuit.

{¶8}   In addressing the merits of Ms. Mcie's petition, we take judicial notice of the pleadings filed in the underlying lawsuit, *Melody Mcie, et al. v. John Bogavich, et al.*,

Case No. 21-CIV-091. *In State ex rel. Scott v. Cleveland*, 112 Ohio St.3d 324, 2006-Ohio-6573, 859 N.E.2d 923, ¶ 26, the Court explained a court may take judicial notice of appropriate matters in determining a Civ.R. 12(B)(6) motion without converting it to a motion for summary judgment.

{¶9} Further, in extraordinary-writ cases, we are not limited to the facts at the time a proceeding is commenced. (Citation omitted.) *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, 874 N.E.2d 516, ¶ 11. Rather, we must consider facts at the time we determine whether to grant the writ. *Id. See State ex rel. Westlake v. Corrigan*, 112 Ohio St.3d 463, 2007-Ohio-375, 860 N.E.2d 1017, ¶ 22 (court could consider events occurring after complaint in prohibition case was filed in determining motion to dismiss.)

{¶10} Based on the above case law, it is appropriate for this Court to review the underlying case that is currently pending in the Ashland County Common Pleas Court. Since the filing of this writ, the trial court addressed the issue of representation for the minor children under Civ.R. 17(B) and the Magistrate's Decision impacts the relief to which Ms. Mcie is entitled in her mandamus petition.

### B. Ms. Mcie's Petition for Writ of Mandamus is moot.

{¶11} Ms. Mcie seeks representation for the minor children under Civ.R. 17(B). In her mandamus petition, she asks the Court to appoint a guardian ad litem "or take other protective action for the minors pursuant to the mandatory language of 'shall' in Civ.R. 17(B)." Petition, ¶ 10. In the trial court, Ms. Mcie sought the appointment of counsel for the minor children under Civ.R. 17(B). In his Magistrate's Decision, the magistrate determined the minor children are not "unrepresented." Magistrate's Decision, Nov. 18,

2021, at p. 4. Rather, Ms. Mcie represents them in the underlying action. According to the magistrate, the only time the minor children would be entitled to a guardian ad litem, under Civ.R. 17(B), is if the minor children were unrepresented.

{¶12} In reaching this conclusion, the magistrate explained:

The Plaintiffs [Ms. Mcie] focus their contention upon the concluding sentence of Rule 17(B) which states that: "When a minor or incompetent person is not otherwise represented in an action the court shall appoint a guardian ad litem or shall make such other order as it deems proper for the protection of such minor or incompetent person."

Rule 17(B), however, initially provides that: "Whenever a minor or incompetent person has a representative, such as a guardian or other like fiduciary, the representative may sue or defend on behalf of the minor or incompetent person." While their legal custodian and/or parent may not serve as their legal counsel, the Plaintiffs are "represented" as that term is used in Rule 17(B).

*Id.*

{¶13} Thus, in addressing whether counsel should be appointed, the magistrate also addressed the issue of whether the minor children are entitled to the appointment of a guardian ad litem. He concluded they were not because they are "represented" by Ms. Mcie. Although the magistrate's conclusion contravenes the requested relief Ms. Mcie requests in her mandamus petition at this point the petition is moot because the issue of the appointment of a guardian ad litem has been addressed by the trial court. *See State ex rel. Eubank v. McDonald*, 135 Ohio St.3d 186, 2013-Ohio-72, 985 N.E.2d 463, ¶ 1. ("Mandamus will not lie to compel an act that has already been performed.")

{¶14} Finally, we note Ms. Mcie cited Civ.R. 17(B) language in her petition asking the Court to "take other protective action for the minors[.]" Petition, ¶ 10. In his decision, the magistrate took "other protective action" by providing Ms. Mcie until January 7, 2022 to retain counsel on behalf of the minor children. *Id.* at 6. This too serves as an independent ground for a finding of mootness.

C.  Ms. Mcie's Petition for Writ of Mandamus is dismissed because she has an adequate remedy at law.

{¶15} Finally, we note Ms. Mcie has an adequate remedy at law to challenge the denial of her request for the appointment of a guardian ad litem. A writ of mandamus will not issue if there is an adequate remedy in the ordinary course of law. (Citation omitted.) *State ex rel. Kirk v. Burcham*, 82 Ohio St.3d 407, 409, 1998-Ohio-224, 696 N.E.2d 582.

**CONCLUSION**

{¶16} Because Ms. Mcie can prove no set of facts entitling her to the requested relief, we grant Respondent's Motion to Dismiss.

MOTION GRANTED.

COSTS TO RELATOR.

IT IS SO ORDERED.

By: Delaney, J.,

Wise, John, P.J. and

Baldwin, J., concur.