[Cite as *State ex rel. Harris v. Adult Parole Auth.*, 2018-Ohio-1620.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Lionel Harris, | : | |
| Relator, | : | |
| v. | : | No. 17AP-651 |
| Chairperson of the Ohio Adult Parole Authority, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

D E C I S I O N

Rendered on April 26, 2018

**On brief:** *Lionel Harris,* pro se.

**On brief:** *Michael DeWine,* Attorney General, and *George Horvath,* for respondent.

IN MANDAMUS

BROWN, P.J.

{¶ 1} Relator, Lionel Harris, has filed this original action requesting this court issue a writ of mandamus ordering respondent, Ohio Adult Parole Authority ("OAPA"), to provide him with records pursuant to his public records request. OAPA filed a motion to dismiss, arguing relator failed to comply with the mandatory requirements of R.C. 2969.25(A).

{¶ 2} This matter was referred to a magistrate of this court, pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals. The magistrate issued the appended decision, including findings of fact and conclusions of law, and recommended this court grant OAPA's motion to dismiss. No objections have been filed to that decision.

{¶ 3} As there have been no objections filed to the magistrate's decision, and it contains no error of law or other defect on its face, based on an independent review of the file, this court adopts the magistrate's decision. OAPA's motion to dismiss is granted, and the action is dismissed.

*Action dismissed.*

SADLER and LUPER SCHUSTER, JJ., concur.

_____

# APPENDIX

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. Lionel Harris, | : | |
| Relator, | : | |
| v. | : | No. 17AP-651 |
| Chairperson of the Ohio Adult Parole Authority, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

### M A G I S T R A T E ' S   D E C I S I O N

**Rendered on December 13, 2017**

*Lionel Harris,* pro se.

*Michael DeWine,* Attorney General, and *George Horvath,* for respondent.

IN MANDAMUS
ON RESPONDENT'S MOTION TO DISMISS

{¶ 4}   Relator, Lionel Harris, has filed this original action requesting this court issue a writ of mandamus compelling respondent, Ohio Adult Parole Authority, to provide him with records pursuant to his public records request.

Findings of Fact:

{¶ 5}   1. Relator is an inmate currently incarcerated at North Central Correctional Institution.

{¶ 6}   2. On September 13, 2017, relator filed this instant mandamus action alleging that respondent had failed to timely respond to his public records request.

{¶ 7}   3. On October 16, 2017, respondent filed a motion to dismiss asserting that relator had failed to comply with the mandatory requirements of R.C. 2969.25(A) by failing to include all the civil actions or appeals of civil actions he has filed within the previous five years.  Specifically, respondent provided:  "Relator on July 12, 2016, filed a case in the Ohio Court of Claims, Case No. 2016-00534, *Harris v. Ohio Department of Rehabilitation and Corrections * * *.* Relator did not report this case on his affidavit as required by law."

{¶ 8}   4. The affidavit which relator filed with his mandamus complaint lists the following civil actions that he had filed within the previous five years:

> On April 26, 2013, I, Lionel Harris, filed a petition for a writ of prohibition/mandamus in the First Appellate District Court of Appeals, case no. C-130260. The court dismissed on the grounds that the relief sought was not available through prohibition or mandamus.

> March 20, 2015 I filed a habeas corpus in the twelfth district court of appeals. It was denied. I attempted to perfect an appeal of right but it was withheld [b]y Ma.C.I. staff and that denial of access to the court is the subject of a section 1983 civil rights suit filed in the U.S. dist. court, southern dist. eastern div. case no. 2:16CV0888. It had been dismissed from the court of claims holding that the claims were federal claims.

> On May 18, 2017, I filed a mandamus action in the First Appellate Dist. against the Hamilton County Clerk of courts for failing to provide records from a public records request, case no. C-1700226. Relator has filed no other civil actions in the previous five years.

{¶ 9} 5. On November 13, 2017, relator filed a motion in opposition to respondent's motion to dismiss asserting that he did include all the civil actions or appeals of civil actions he has filed within the past five years. Relator states, at page three, as follows:

> Relator also requests that this court take judicial notice of Relator's affidavit because apparently, the Respondent failed to read it carefully. In the second paragraph it states in relevant part, "I attempted to perfect an appeal of right but it was withheld by M.A.C.I. staff and that denial of access to the court is the subject of the section in 1983 civil rights suit filed in the U.S. dist. court, southern dist. eastern div. case no. 2:16CV0888. It had been dismissed from the court of claims holding that the claims were federal claims." Although inartfully articulated, the above statement does state that Relator did in fact, file an action in the Court of Claims. This aspect of the statement satisfies section (A)(2). The Respondent's theatrically stated accusation is not true.

{¶ 10} 6. The matter is currently before the magistrate on respondent's motion to dismiss.

Conclusions of Law:

{¶ 11} The Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28 (1983).

{¶ 12} A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545 (1992). In reviewing the complaint, the court must take all the material allegations as admitted and construe all reasonable inferences in favor of the nonmoving party. *Id.*

{¶ 13} In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that relator can prove no set of facts entitling him to recovery. *O'Brien v. Univ. Community Tenants Union*, 42 Ohio St.2d 242 (1975). As such, a complaint for writ of mandamus is not subject to dismissal under Civ.R. 12(B)(6) if the complaint alleges the existence of a legal duty by the respondent and the lack of an adequate remedy at law for relator with

sufficient particularity to put the respondent on notice of the substance of the claim being asserted against it, and it appears that relator might prove some set of facts entitling him to relief. *State ex rel. Boggs v. Springfield Local School Dist. Bd. of Edn.*, 72 Ohio St.3d 94 (1995). For the following reasons, respondent's motion should be granted and relator's complaint should be dismissed.

{¶ 14} In *Fuqua v. Williams,* 100 Ohio St.3d 211, 2003-Ohio-5533, an inmate, Carlos J. Fuqua, filed in the Allen County Court of Appeals a petition for a writ of habeas corpus. He requested leave to proceed in forma pauperis but he did not file the affidavit required by R.C. 2969.25(A) describing each civil action or appeal of a civil action that he had filed in the previous five years in any state or federal court.

{¶ 15} Fuqua's prison warden, Jesse J. Williams, moved to dismiss the petition.

{¶ 16} Fuqua requested leave in the court of appeals to amend his petition with the affidavit required by R.C. 2969.25(A).

{¶ 17} The court of appeals dismissed the petition for habeas corpus and Fuqua appealed as of right to the Supreme Court.

{¶ 18} The Supreme Court, in *Fuqua* at ¶ 9 states:

> Fuqua's belated attempt to file the required affidavit does not excuse his non-compliance. See R.C. 2969.25(A), which requires that the affidavit be filed "[*a*]*t the time that an inmate commences a civil action* or appeal against a government entity or employee." (Emphasis added.)

{¶ 19} In *Hawkins v. S. Ohio Corr. Facility,* 102 Ohio St.3d 299, 2004-Ohio-2893, an inmate, Jomo Hawkins, petitioned the Scioto County Court of Appeals for a writ of habeas corpus. However, Hawkins' petition did not contain the R.C. 2725.04(D) commitment papers nor the affidavit required by R.C. 2969.25(A). Later, Hawkins filed an un-notarized statement purporting to be his R.C. 2969.25(A) affidavit.

{¶ 20} Following dismissal of his action, Hawkins appealed as of right to the Supreme Court. Citing *Fuqua,* the Supreme Court affirmed the judgment of the court of appeals.

{¶ 21} As respondent provided on July 12, 2016, relator filed a complaint in the Ohio Court of Claims. In *Harris v. Ohio Dept. of Rehab. and Corr.,* Ct. of Cl. No. 2016-00534, relator alleged the Ohio Department of Rehabilitation and Correction ("ODRC")

failed to timely mail his appeal to the Supreme Court thereby causing him to be wrongfully imprisoned.

{¶ 22} On September 30, 2016, relator filed a statement of the existence of connected actions indicating that he had filed a complaint in the United States District Court for the Southern District of Ohio on September 15, 2016 and noting the following case number: 2:16CV0888. On December 12, 2016, the court granted the motion to dismiss filed by ODRC.

{¶ 23} This court can take judicial notice of the above cited case under Evid.R. 201(B), a judicially noticed fact "must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Courts may take judicial notice of appropriate matters in considering a motion to dismiss for failure to state a claim without converting it into a motion for summary judgment. *State ex rel. Neff v. Corrigan,* 75 Ohio St.3d 12 (1996). The Supreme Court has also held that a court may take judicial notice of public court records available on the internet. *State ex rel. Everhart v. McIntosh,* 115 Ohio St.3d 195, 2007-Ohio-4798, ¶ 8; *State ex rel. Harsh v. Mohr,* 10th Dist. No. 13AP-403, 2013-Ohio-4218.

{¶ 24} The magistrate finds that, contrary to relator's assertions, he did fail to list the case he filed in the Court of Claims of Ohio on July 12, 2016. Inasmuch as relator failed to comply with the mandatory requirements of R.C. 2969.25(A) and because relator cannot cure this defect at a later date, it is this magistrate's decision that this court should grant respondent's motion and dismiss relator's mandamus complaint.

/S/ MAGISTRATE
STEPHANIE BISCA

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R.

**53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).**