[Cite as *Johnson v. Levy*, 2019-Ohio-3492.]

### IN THE COURT OF APPEALS OF OHIO

### TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Doreen Johnson, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 18AP-775 |
| v. | : | (C.P.C. No. 18CV-4149) |
| Yale R. Levy, | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

### D E C I S I O N

### Rendered on August 29, 2019

**On brief:** *Doreen Johnson*, pro se.

**On brief:** *Levy & Associates, LLC*, and *Sean M. Winters*, for appellee.

APPEAL from the Franklin County Court of Common Pleas

KLATT, P.J.

{¶ 1} Plaintiff-appellant, Doreen Johnson, appeals from a judgment of the Franklin County Court of Common Pleas granting summary judgment to defendant-appellee, Yale R. Levy. Because appellee has established that there are no genuine issues of material fact and that he is entitled to judgment as a matter of law, we affirm.

{¶ 2} Appellee, an attorney and the owner of Levy & Associates, LLC, a Columbus law firm, was retained by Bank of America, N.A. ("the bank") to collect on a debt allegedly owed by appellant. On December 12, 2017, appellee sent appellant a letter stating that he and his law firm had been retained by the bank to collect the debt. The letter listed the bank as creditor, appellant as account holder, the last four digits of the account number associated with the debt, and the balance due on the debt ($3,603.02). The letter further

stated that if appellant notified appellee in writing within 30 days of receipt of the demand letter that she disputed the validity of the debt, or any portion thereof, appellee would obtain verification of the debt and mail her a copy of the verification. The letter also indicated that "[t]his communication is from a debt collector." (Dec. 12, 2017 letter at 1, attached to appellee's Mot. for Summ. Jgmt., Ex 1.)

{¶ 3} Appellant responded by letter dated January 11, 2018, wherein she disputed the debt and requested validation of the account "pursuant to the Fair Debt Collection Practices Act, 15 USC 1692g Sec. 809(b)." (Jan. 11, 2018 letter at 1, attached to appellant's complaint and appellee's Mot. For Summ. Jgmt., Ex. 2.) Asserting that she neither knew nor had any business dealings with appellee or his law firm, appellant maintained that unless appellee submitted certified documentation validating "any such debt that you claim I owe to you [or your law firm]," he "cease and desist any collection activities and any further forms of contact/communication with me." (Jan. 11, 2018 letter at 1.) Appellant further asserted that should appellee fail to comply with her demand for validation, she would pursue legal action against him.

{¶ 4} By letter dated January 22, 2018, appellee responded to appellant's request for validation, setting forth the name of the original creditor (the bank), the date the account was opened (June 14, 2013), the current balance on the account ($3,603.02), the date of the last account activity (May 15, 2017), and the date the account was charged off (August 31, 2017). Appellee attached to the letter documentation associated with appellant's account with the bank. On June 11, 2018, appellee sent appellant a nearly identical letter, again accompanied by documentation pertaining to appellant's account with the bank.

{¶ 5} On March 6, 2018, appellee filed a collection action in the Franklin County Municipal Court ("municipal court") on behalf of the bank.[1]

---

[1] The record and docket in the relevant municipal court case, *Bank of America NA v. Johnson,* M.C. No. 2018 CVF 008670, is not included in the record before us on appeal. However, we may take judicial notice of the municipal court proceedings. The Supreme Court of Ohio has held that a court may take judicial notice of public court records available on the internet. *State ex rel. Everhart v. McIntosh,* 115 Ohio St.3d 195, 2007-Ohio-4798, ¶ 8; *State v. Rogers,* 10th Dist. No. 17AP-610, 2018-Ohio-1073, ¶ 2; *State v. Chairperson of the Ohio Adult Parole Auth.,* 10th Dist. No. 17AP-651, 2018-Ohio-1620, ¶ 23. In the municipal court proceedings, appellee is listed as the attorney of record for the bank. The case resulted in a judgment for the bank and against appellant in the amount of $3,603.02.

{¶ 6} On May 21, 2018, appellant filed a pro se complaint against appellee alleging fraud, negligent misrepresentation, racketeering, extortion, and violation of Section 1692g of the Fair Debt Collection Practices Act ("FDCPA").  Although the complaint is difficult to understand, it appears that appellant alleged that the municipal court complaint filed by appellee was fraudulent and part of a "Limited Liability Insurance Scheme" perpetrated by appellee.  (May 21, 2018 Compl. at 2.) Appellant further alleged that she "has no business dealings/agreements" with appellee and that appellee, as a "Debt Collector/Attorney" for the bank, "cannot file a complaint or admit evidence into the court." *Id.*  Appellant attached to her complaint her January 11, 2018 letter.

{¶ 7} On August 10, 2018, appellee filed a motion for summary judgment arguing that there were no genuine issues of material fact and that he was entitled to judgment as a matter of law. Appellee supported the motion with his own affidavit along with the three letters and bank documentation referenced above, all of which were incorporated by reference as exhibits into his affidavit. Appellant did not file a response to appellee's motion.  In a judgment entry dated September 11, 2018, the trial court granted appellee's motion for summary judgment.

{¶ 8} Appellant has appealed the trial court's grant of summary judgment, setting forth a single assignment of error, as follows:

> The court erred and abused its discretion in making an order/decision to grant summary judgment in favor of the Defendant.   The court also erred without considering Plaintiffs'/Appellants' (herein Doreen) evidence or facts stated in Doreen's compliant.

(Sic passim.)

{¶ 9} In her sole assignment of error, appellant challenges the trial court's grant of summary judgment to appellee.  Appellant argues that the trial court erred in failing to consider the "evidence or facts" asserted in her complaint, i.e., that she had "no contracts and/or agreements nor any business matters with Yale R. Levy who filed fraudulent documents against [appellant]."  (Appellant's brief at 1.)

{¶ 10} A trial court must grant summary judgment under Civ.R. 56 when the moving party demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one

conclusion when viewing the evidence most strongly in favor of the nonmoving party, and that conclusion is adverse to the nonmoving party. *Hudson v. Petrosurance, Inc.*, 127 Ohio St.3d 54, 2010-Ohio-4505, ¶ 29. Appellate review of a trial court's disposition of a motion for summary judgment is de novo. *Id.* An appellate court conducts an independent review without deference to the trial court's determination. *Zurz v. 770 W. Broad AGA, LLC,* 192 Ohio App.3d 521, 2011-Ohio-832, ¶ 5 (10th Dist.).

{¶ 11} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of fact as to a material element of one or more of the nonmoving party's claims. *Dresher v. Burt,* 75 Ohio St.3d 280, 293 (1996). The moving party does not discharge this initial burden under Civ.R. 56 by simply making conclusory allegations. *Id.* Rather, the moving party must affirmatively demonstrate by affidavit or other evidence allowed by Civ.R. 56(C) that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Id.* When a motion for summary judgment is made and supported as provided in Civ.R. 56(C), the nonmoving party may not rest on the mere allegations or denials in the pleadings or simply restate or reargue those allegations in order to avoid summary judgment. *Morning View Care Center-Fulton v. Ohio Dept. of Human Servs.,* 148 Ohio App.3d 518, 531, 2002-Ohio-2878 (10th Dist.), citing *Swedlow, Butler, Inman, Levine & Lewis Co., L.P.A. v. Gabelman*, 10th Dist. No. 97APG12-1578 (July 14, 1998). Rather, using an affidavit or other evidence permitted by Civ.R. 56(C), the nonmoving party must rebut the motion for summary judgment with specific facts demonstrating a genuine issue for trial. *Dresher* at 293. If the nonmoving party does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party. *Id.*; Civ.R. 56(E).

{¶ 12} As noted above, appellant's complaint alleged claims of fraud, negligent misrepresentation, racketeering, extortion, and violation of Section 1692g of the FDCPA. However, appellant's brief contains no substantive argument in support of any of those claims; rather, appellant essentially reasserts the allegations contained in her complaint. Nevertheless, because our review is de novo, we will address those claims, to the extent possible, in the context of a motion for summary judgment.

{¶ 13} To establish a prima facie case of fraud, a plaintiff must demonstrate: "(1) a representation material to the transaction, (2) made falsely, with knowledge of its falsity, or with utter disregard and recklessness regarding its truth or falsity, (3) with the intent to mislead another into reliance, (4) justifiable reliance on the representation * * *, and (5) injury proximately resulting from such reliance." *Kamnikar v. Fiorita,* 10th Dist. No. 16AP-736, 2017-Ohio-5605, ¶ 31, citing *Burr v. Stark Cty. Bd. of Commrs.,* 23 Ohio St.3d 69 (1986), paragraph two of the syllabus.

{¶ 14} Negligent misrepresentation occurs when " ' "[o]ne who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information." ' " *Id.,* quoting *Delman v. Cleveland Heights,* 41 Ohio St.3d 1, 4 (1989), quoting 3 Restatement of the Law 2d, Torts, Section 552(1) at 126-27 (1965).

{¶ 15} Appellant's claim for racketeering ostensibly falls under R.C. 2923.32, the Ohio Corrupt Practices Act ("OCPA"). As part of the OCPA, R.C. 2923.32(A) makes it unlawful for any person employed by or associated with any enterprise to "conduct or participate in, directly or indirectly, the affairs of the enterprise through a pattern of corrupt activity or the collection of an unlawful debt." R.C. 2923.34 provides a civil remedy to a person injured or threatened with injury by a violation of R.C. 2923.32. A plaintiff asserting a civil claim under the OCPA must establish: " '(1) that conduct of the defendant involves the commission of two or more specifically prohibited state or federal criminal offenses; (2) that the prohibited criminal conduct of the defendant constitutes a pattern; and (3) that the defendant has participated in the affairs of an enterprise or has acquired and maintained an interest in or control of an enterprise.' " *Morrow v. Reminger & Reminger Co. LPA*, 183 Ohio App.3d 40, 2009-Ohio-2665, ¶ 27 (10th Dist.), quoting *Patton v. Wilson,* 8th Dist. No. 82079, 2003-Ohio-3379, ¶ 12.

{¶ 16} Regarding appellant's extortion claim, R.C. 2905.11(A) prohibits any person, "with purpose to obtain any valuable thing or valuable benefit or to induce another to do an unlawful act," from: (1) "[t]hreaten[ing] to commit any felony; (2) [t]hreaten[ing] to

commit any offense of violence; (3) [v]iolat[ing] section 2903.21 or 2903.22 of the Revised Code; (4) [u]tter[ing] or threaten[ing] any calumny against any person; or (5) [e]xpos[ing] or threaten[ing] to expose any matter tending to subject any person to hatred, contempt, or ridicule, or to damage any person's personal or business repute, or to impair any person's credit."

{¶ 17} From what we can discern from appellant's complaint, her claims for fraud, negligent misrepresentation, racketeering and extortion allegedly arise from appellee's conduct in sending appellant the demand letter and filing the collection action against her, as she had no contacts and/or agreements with appellee or his law firm.  Appellant misconstrues the nature of the proceedings against her.  Appellee did not seek to collect on a debt owed by appellant to him or his law firm.  Rather, in sending the demand letter and filing the collection action, appellee was acting as a debt collector for the bank.  Indeed, in his affidavit, appellee attested that he corresponded with appellant in an attempt to collect on an account owed to his client, the bank.  (Levy Aug. 10, 2018 Aff. at ¶ 4, 6, 7, and 9, attached to Mot. for Summ. Jgmt.)  Appellee's affidavit and the documentation incorporated therein with regard to his actions on behalf of the bank demonstrate the absence of a genuine issue of material fact as to these claims.

{¶ 18} Appellee's Civ.R. 56(C) materials also demonstrate the absence of a genuine issue of material fact as to appellant's claim that appellee violated Section 1692g of the FDCPA.  The FDCPA "establishes certain rights for consumers whose debts are placed in the hands of professional debt collectors for collection, and requires that such debt collectors advise the consumers whose debts they seek to collect of specified rights." *DeSantis v. Computer Credit, Inc.,* 269 F.3d 159, 161 (2d Cir.2001).  Section 1692g(a)(1) through (5) provides that a debt collector must, in either the initial communication with the consumer in connection with the collection of a debt, or within five days after the initial communication with the consumer, send the consumer a written notice containing (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain

verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

{¶ 19} The FDCPA further provides that if the consumer notifies the debt collector in writing within the 30-day period set forth in Section 1692(a) that the debt, or any portion thereof, is disputed, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt and a copy of such verification is mailed to the consumer by the debt collector. 15 USC 1692g(b). A debt collector violates the FDCPA if it fails to convey the information required by the act. *Id.*

{¶ 20} The evidentiary materials attached to appellee's summary judgment motion, including his affidavit and the December 12, 2017, January 11, January 22, and June 11, 2018 correspondence incorporated therein, demonstrate that there is no genuine issue of material fact as to appellant's claim that appellee violated the FDCPA. The correspondence establishes that appellee properly conveyed the information required by the FDCPA to appellant. Appellant offered no qualified summary judgment evidence to establish a factual issue as to appellee's compliance with the FDCPA.

{¶ 21} Further, there is no indication that the trial court failed to consider the "evidence or facts" contained in appellee's complaint. We note initially that the complaint contains merely a litany of causes of action against appellee; it does not include even a formulaic recitation of the elements of any of the causes of action purportedly asserted, not to mention sufficient operative facts to establish the elements of each of the claims. Moreover, the trial court noted in its judgment entry that the evidentiary materials submitted by appellee in support of his motion for summary judgment refuted the claims set forth in the complaint. The court's statement in this regard demonstrates that it considered the "evidence or facts" contained in the complaint. The court further noted that appellant failed to present any evidence in response to appellee's motion for summary judgment. As noted above, a party confronted with a properly supported motion for summary judgment may not rest on the mere allegations or denials in the pleadings or

simply restate or reargue those allegations in order to avoid summary judgment. *Morning View Care Center-Fulton*, 148 Ohio App.3d 518, at 531.

{¶ 22} Finally, due to her pro se status, appellant requests that this court excuse her noncompliance with court procedure. We cannot do so. "Pro se litigants are presumed to have knowledge of the law and legal procedures and are held to the same standard as litigants who are represented by counsel." *Rizzo-Lortz v. Erie Ins. Grp.,* 10th Dist. No. 17AP-623, 2019-Ohio-2133, ¶ 18, citing *In re Application of Black Fork Wind Energy, LLC,* 138 Ohio St.3d 43, 2013-Ohio-5478, ¶ 22. "A litigant proceeding pro se can neither expect nor demand special treatment." *Id.,* citing *Suon v. Mong,* 10th Dist. No. 17AP-879, 2018-Ohio-4187, ¶ 26.

{¶ 23} There is simply no evidence to support appellant's claims for fraud, negligent misrepresentation, racketeering, extortion, or violation of the FDCPA in appellee's representation of the bank in the debt collection process against appellant. Thus, appellee has established that there is no genuine issue of material fact remaining to be litigated and that he entitled to judgment as a matter of law. Accordingly, we overrule appellant's sole assignment of error, and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN and DORRIAN, JJ., concur.

_____