[Cite as *State v. Lopez*, 2022-Ohio-2302.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 21AP-690 |
| v. | : | (C.P.C. No. 19CR-4811) |
| Cesar I. Lopez, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on June 30, 2022

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, and *Mark R. Wilson*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Plaintiff-appellant, State of Ohio ("the state"), appeals the sentence imposed by the Franklin County Court of Common Pleas upon defendant-appellee, Cesar I. Lopez ("Lopez") following revocation of Lopez's community control. For the reasons set forth below, we vacate the post-release control portion of Lopez's sentence and remand for a resentencing hearing limited to the imposition of the statutorily mandated period of post-release control pursuant to R.C. 2967.28(A)(3) and (B)(1).

{¶ 2} On July 6, 2020, Lopez entered a guilty plea to importuning in violation of R.C. 2907.07, a felony of the fifth degree; he was classified a Tier I sex offender with 15-year registration duties. At a sentencing hearing held August 20, 2020, the trial court imposed a 5-year period of community control with numerous conditions and advised Lopez that violation of his community control would result in a 12-month prison sentence.

{¶ 3} In January 2021, Lopez was declared an absconder; he was arrested in September 2021. That same month, the state filed a statement of violations and requested revocation of Lopez's community control.

{¶ 4} The trial court held a revocation hearing on November 18, 2021, at which Lopez stipulated to the community control violations. The trial court revoked Lopez's community control and imposed a 9-month prison term. At the same hearing, the trial court imposed a 12-month prison sentence in a separate case, Franklin C.P. No. 21CR-3964 ("21CR-3964") following Lopez's November 10, 2021 guilty plea to failure to verify his current address in violation of R.C. 2950.06, a fourth-degree felony.[1] The court ordered the two sentences to be served consecutively.

{¶ 5} Thereafter, counsel for Lopez asked if the court had addressed post-release control. The court asserted that it had done so "during the plea" but would go over it again. (Nov. 18, 2021 Tr. at 8.) To that end, the court stated, "if you end up staying in prison on a felony of the fourth degree, you may receive up to two years of post-release control, which means the Adult Parole Authority could supervise your behavior for up to two years upon your release from prison." *Id.* The trial court also advised Lopez of the consequences of violating post-release control, including that the adult parole authority could impose a prison sentence upon him not to exceed one-half of his original sentence. Lopez indicated that he understood the post-release control advisements. The state did not object.

{¶ 6} In a revocation entry issued the same day, the trial court memorialized the revocation of Lopez's community control and imposition of the 9-month prison sentence. Regarding post-release control, the court stated, "[t]he Court notified the Defendant, orally and in writing, the applicable period of post-release control pursuant to R.C. 2929.19(B)(2)(c), (d) and (e) is **up to Two (2) years at the discretion of the Parole Board.**" (Emphasis sic.) (Nov. 18, 2021 Revocation Entry at 2.) The entry also indicated that the court had advised Lopez of the consequences of violating post-release control,

---

[1] The record and docket in 21CR-3964 is not included in the record before this court on appeal. However, we may take judicial notice of the common pleas court proceedings in that case. "The Supreme Court of Ohio has held that a court may take judicial notice of public court records available on the internet." *Johnson v. Levy*, 10th Dist. No. 18AP-775, 2019-Ohio-3492, ¶ 5, fn. 1, citing *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, ¶ 8.

including that the adult parole authority could impose a prison term, as part of the sentence, of up to one-half of the prison term originally imposed.

{¶ 7} Also on November 18, 2021, the trial court issued a judgment entry in 21CR-3964 setting forth the same post-release control language contained in the revocation entry. In addition, in both the revocation case and 21CR-3964, Lopez signed and acknowledged a Notice (Prison Imposed) form that stated, in part, that "[a]fter you are released from prison, you [may] have a period of post-release control for up to 2 years following your release from prison." (Nov. 18, 2021 Notice at 1.) The notice further advised Lopez of the consequences of violating post-release control.

{¶ 8} The state timely appeals from the November 18, 2021 revocation entry, assigning one error for our review:

> The trial court committed reversible error in failing to notify and sentence defendant to the applicable period of post-release control of mandatory five years as required by ORC 2967.28.

{¶ 9} In its sole assignment of error, the state contends Lopez's sentence for importuning is contrary to law because the trial court improperly imposed a term of post-release control of "up to two years." The state argues that under R.C. 2967.28(A)(3) and (B)(1), the trial court was required to impose a mandatory five-year term of post-release control as part of Lopez's sentence. We agree with the state.

{¶ 10} When reviewing felony sentences, an appellate court must apply the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 8-9. Pursuant to that statute, "an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *Id.* at ¶ 1. Under R.C. 2953.08(B)(2), the state "may appeal as a matter of right a sentence imposed upon a defendant who is convicted of or pleads guilty to a felony" if "[t]he sentence is contrary to law." *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, ¶ 43.

{¶ 11} "At its core, post[-]release control is a sanction; it is an additional term of supervision after an offender's release from prison that imposes certain restrictions on the offender and, if violated, it allows the [adult parole authority] to impose conditions and

consequences, including prison time, upon the offender." *State v. Bates*, ___ Ohio St.3d ___, 2022-Ohio-475, ¶ 21, citing R.C. 2967.01(N). The purpose of post-release control is to modify the offender's behavior and facilitate the offender's safe reintegration into the community. *Id.*, citing *Woods v. Telb*, 89 Ohio St.3d 504, 512 (2000).

{¶ 12} "R.C. 2967.28(B) requires that prison sentences for certain felonies include a mandatory term of post[-]release control to be imposed by the parole board after the offender is released from imprisonment." *Id.* at ¶ 10. "R.C. 2967.28(B) and (C) identify the length of the term of post[-]release-control supervision for each degree of felony." *Id.* "It is settled that 'a trial court has a statutory duty to provide notice of post[-]release control at the sentencing hearing' and that 'any sentence imposed without such notification is contrary to law.' " *State v. Grimes,* 151 Ohio St.3d 19, 2017-Ohio-2927, ¶ 8, quoting *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, ¶ 23, *overruled on other grounds*. Pursuant to its statutory duty, "[t]he trial court must advise the offender at the sentencing hearing of the term of [post-release control] supervision, whether post[-]release control is discretionary or mandatory, and the consequences of violating post[-]release control." *Bates* at ¶ 11, citing *Grimes* at ¶ 11. "Among other consequences, an offender's violation of a post-release-control sanction or condition may result in the [adult parole authority's] imposing a prison term on the offender." *Id.*, citing R.C. 2967.28(F)(3). Under R.C. 2967.28(F)(3), the maximum cumulative prison term for all violations may not exceed one-half of the prison term originally imposed. *Id.* "[O]nce the court orally provides all the required advisements at the sentencing hearing, it must then incorporate those advisements into the sentencing entry." *Id.* at ¶ 12, citing *Grimes* at ¶ 8, citing *Jordan* at ¶ 17.

{¶ 13} In the instant case, Lopez pled guilty to importuning in violation of R.C. 2907.07, a fifth-degree felony. R.C. 2967.28(A)(3)[2] defines "[f]elony sex offense" as "a violation of a section contained in Chapter 2907. of the Revised Code that is a felony." Thus, Lopez's guilty plea to importuning in violation of R.C. 2907.07 constituted a "[f]elony sex offense" as defined in R.C. 2967.28(A)(3). R.C. 2967.28(B) provides in relevant part that "[e]ach sentence to a prison term * * * for a felony sex offense * * * shall include a

---

[2] R.C. 2967.28 was amended by 2021 H.B. No. 110, Section 101.01, effective September 30, 2021. The trial court imposed sentence on November 18, 2021 pursuant to the revocation of Lopez's community control.

requirement that the offender be subject to a period of post-release control imposed by the parole board after the offender's release from imprisonment. * * * [A] period of post-release control required by this division for an offender shall be one of the following periods: (1) For a felony sex offense, five years." Thus, under R.C. 2967.28(B)(1), a sentence to a prison term imposed upon a felony sex offender must include a requirement that the offender be subject to a mandatory five-year period of post-release control. Therefore, pursuant to statute, Lopez's sentence should have included a requirement that he be subject to a mandatory five-year period of post-release control upon his release from prison. In addition, the trial court should have advised him of the mandatory five-year period of post-release control at the sentencing hearing and incorporated that advisement into the sentencing entry. *Bates* at ¶ 11.

{¶ 14} As noted above, at the sentencing hearing, the trial court informed Lopez that "if you end up staying in prison on a felony of the fourth degree, you may receive up to two years of post-release control, which means the Adult Parole Authority could supervise your behavior for up to two years upon your release from prison." (Nov. 18, 2021 Tr. at 8.) The trial court's revocation entry incorporates the same "up to two years" language. In addition, the Notice (Prison Imposed) form refers to post-release control as being discretionary and "up to two years."

{¶ 15} It appears that the trial court's imposition of post-release control was focused solely on the sentence imposed in 21CR-3964. In that case, Lopez pleaded guilty to failure to verify his current address in violation of R.C. 2950.06, a fourth-degree felony. Indeed, the court began its post-release control notification by stating, "if you end up staying in prison on a felony of the fourth degree." (Nov. 18, 2021 Tr. at 8.) Under R.C. 2967.28(C), "[a]ny sentence to a prison term for a felony of the * * * fourth * * * degree that is not subject to division (B)(1) or (4) of this section shall include a requirement that the offender be subject to a period of post-release control of up to two years after the offender's release from imprisonment."

{¶ 16} Although the trial court's imposition of post-release control of "up to two years" as part of his sentence in 21CR-3964 arguably was proper pursuant to R.C. 2967.28(C), the court's imposition of a period of post-release control of "up to two years" as part of his sentence for importuning, a felony sex offense as defined in R.C.

2967.28(A)(3) and which requires a mandatory five-year period of post-release control pursuant to R.C. 2967.28(B)(1), was clearly and convincingly contrary to law.

{¶ 17} The state's sole assignment of error is sustained.

{¶ 18} Accordingly, we vacate the specified "up to two years" term of post-release control imposed as part of Lopez's sentence for importuning and remand for a resentencing hearing limited to the proper imposition of a five-year period of post-release control as mandated by R.C. 2967.28(A)(3) and (B)(1). The trial court must provide the required statutory advisements at the sentencing hearing and incorporate those advisements into the sentencing entry. The remaining portions of the trial court's November 18, 2021 revocation entry are affirmed.

{¶ 19} Accordingly, the state's sole assignment of error is sustained and the judgment of the Franklin County Court of Common Pleas is reversed and the matter is remanded to that court for further proceedings in accordance with law and consistent with this decision.[3]

*Judgment reversed; cause remanded.*

SADLER and MENTEL, JJ., concur.

---

[3] We reject the state's suggestion that we "modify" Lopez's sentence to include the statutorily mandated five-year period of post-release without remanding for a resentencing hearing. Pursuant to *Bates*, the trial court must advise Lopez "at the sentencing hearing" of the term of post-release control supervision, whether post-release control is discretionary or mandatory, and the consequences of violating post-release control. *Id.* at ¶ 11.