[Cite as *Johnson v. Johnson*, 2024-Ohio-5663.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Nathaniel Johnson, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 24AP-151 |
| v. | : | (C.P.C. No. 22DR-348) |
| Sharon R. Johnson, | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on December 3, 2024

**On brief:** *Hillard M. Abroms*, for appellant. **Argued:** *Hilliard M. Abroms*.

**On brief:** *Elizabeth A. Warren*, for appellee.

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations

BOGGS, J.

{¶ 1} Plaintiff-appellant, Nathaniel Johnson, appeals the judgment entry-decree of divorce entered by the Franklin County Court of Common Pleas, Division of Domestic Relations, in this divorce action he filed against defendant-appellee, Sharon R. Johnson. Nathaniel particularly challenges the trial court's characterization of the real property located at 793 Parsons Avenue in Columbus, Ohio, as marital property and order for its sale. For the following reasons, we reverse the trial court's judgment as it relates to that property, and we remand this matter to the trial court for further proceedings.

## I. FACTS AND PROCEDURAL BACKGROUND

{¶ 2} Nathaniel and Sharon were married on June 3, 1995, in Franklin County, Ohio. On February 2, 2022, Nathaniel filed a complaint for divorce, to which Sharon filed an answer and counterclaim for divorce. The matter came before the trial court for a contested trial on October 23 through 25 and November 2, 2023. Based on the parties' stipulations that they are incompatible and had lived separate and apart for more than 12

months, the trial court granted the parties a divorce. This appeal concerns only the portion of the trial court's judgment concerning the real estate located at 793 Parsons Avenue in Columbus, Ohio, a church building ("the church property"). Nathaniel and Sharon each listed the church property on their property affidavits as property titled in both their names.

{¶ 3} On January 3, 2024, two months after the conclusion of the parties' divorce trial but before the trial court rendered its judgment, Nathaniel filed a motion, asking the trial court to determine that the church property was not a marital asset subject to division or distribution. He stated that a recent review of the Franklin County Auditor's website revealed that the owner of the church property was Christ International Outreach Ministries. Nathaniel attached to his motion a copy of a page from the Franklin County Auditor's website, which lists the owners of the church property as Christ International Outreach Ministries, Johnson Sharon R., and Johnson Nathaniel. The webpage identifies the most recent transfer of the property as September 2, 2015, for a transfer price of $0, and lists the church property as tax-exempt property owned by a church. Nathaniel argued that the parties have paid no real estate taxes on the property. Because he contended that the church property is owned by Christ International Outreach Ministries, he advocated that the trial court lacked jurisdiction over the church property.

{¶ 4} Nathaniel subsequently submitted to the trial court a copy of a September 2, 2015 warranty deed by which the grantor(s), "Ohio Apostolic Church of Jesus, Thomas Spraldlin, Bishop," conveyed the church property to the grantee(s), "Christ International Outreach Ministries, Nathaniel Johnson and Sharon R. Johnson, Pastor and Overseer." (Jan. 18, 2024 Reply, Ex. B at 1.) Nathaniel had signed the deed as "PASTOR," and Sharon had signed the deed as "Overseer." (Emphasis sic.) *Id.* at 2.

{¶ 5} Without ruling on Nathaniel's motion regarding the church property, the trial court issued its judgment entry-decree of divorce on February 2, 2024. The trial court found that the church property "was gifted to the parties in 2015 by its former owners." (Feb. 2, 2024 Jgmt. Entry-Decree of Divorce at 7.) Yet the trial court took judicial notice of the records of the Franklin County Auditor, which the trial court found reflected the transfer of the church property from Ohio Apostolic Church of Jesus to Christ International Outreach Ministries, Johnson Sharon R., and Johnson Nathaniel. The trial court characterized the church property as marital property and ordered:

> [I]f the parties do not agree to continue using the services of
> [the real estate agent who had previously listed the property],

this property [is to] be listed immediately (i.e., within 30 days) in an *arm's length* transaction with a mutually agreed upon, licensed real estate agent. Neither party shall reject any reasonable offer; each party shall fully cooperate with the re-listing of [the church property], and the parties are hereby ***ordered*** to act in good faith and to follow the reasonable recommendations of the listing agent.[] The net proceeds shall be divided equally between the parties.

Should [Nathaniel] (and/or his church) elect to buy [the church property] and pay [Sharon] her marital share of the property, he shall commission a 2024 appraisal to ascertain this property's *current* fair market value. [Nathaniel] shall have the right to match any legitimate offer made for this property. If, after presenting [Sharon] with an independent market analysis reflecting the *current* fair market value of this contested property, [Nathaniel] believes that [Sharon] refused to sell him the property in bad faith, he may bring the matter before this Court. ***The Court hereby retains the limited jurisdiction to ensure the fair and timely sale of the [church] property.***

(Emphasis sic.)  (Footnote omitted.)  (Jgmt. Entry-Decree of Divorce at 8-9.)

{¶ 6}    Nathaniel appeals the trial court's judgment and raises a single assignment of error:

The trial court erred or otherwise abused its discretion and committed prejudicial error by ordering the sale and/or distribution of property not legally owned by either party in this proceeding.

(Appellant's Brief at 1.)

## II. ANALYSIS

{¶ 7}    Nathaniel maintains the trial court erred by ordering the sale of the church property and distribution of the proceeds therefrom because the church property was owned by Christ International Outreach Ministries and was, therefore, neither marital nor separate property of the parties.[1]

{¶ 8}    In a divorce proceeding, a trial court must classify property as either marital property or separate property.  R.C. 3105.171(B).  Marital property includes any real and personal property or interest in any real and personal property that either or both spouses

---

[1] Both parties have attached to their appellate briefs exhibits, many of which are not part of the appellate record and which we may therefore not consider. *See Cashlink, L.L.C. v. Mosin, Inc.*, 10th Dist. No. 12AP-395, 2012-Ohio-5906, ¶ 8 ("An exhibit merely appended to an appellate brief is not part of the record," as described by App.R. 9(A)(1), "and we may not consider it in determining the appeal.").

acquired during the marriage and that is currently owned by either or both spouses. R.C. 3105.171(A)(3)(a)(i) through (ii). For purposes of R.C. 3105.171, the trial court has jurisdiction over all real property in which one or both spouses have an interest. R.C. 3105.171(B). The classification of property as marital property or separate property is a question of fact that this court reviews under a civil manifest-weight standard. *Hetzner v. Hetzner*, 10th Dist. No. 23AP-176, 2023-Ohio-3951, ¶ 14. Thus, a trial court's classification of property as marital property or separate property must be supported by competent, credible evidence. *Roush v. Roush*, 10th Dist. No. 15AP-1071, 2017-Ohio-840, ¶ 18, citing *Banchefsky v. Banchefsky*, 10th Dist. No. 09AP-1011, 2010-Ohio-4267, ¶ 36.

{¶ 9} The trial court took judicial notice of public records available on the Franklin County Auditor's website, which indicated that Christ International Outreach Ministries was at least a partial owner of the church property. The auditor's property summary for the church property lists Christ International Outreach Ministries, Johnson Sharon R., and Johnson Nathanial as owners of the property. And as stated above, the warranty deed transferring the church property from Ohio Apostolic Church of Jesus conveyed the property to "Christ International Outreach Ministries, Nathaniel Johnson and Sharon R. Johnson, Pastor and Overseer." (Jan. 18, 2024 Reply, Ex. B at 1.) Nathaniel argued in his post-trial/pre-judgment motion that Christ International Outreach Ministries wholly owned the church property and that he and Sharon were named in the deed only in their official capacities as pastor and overseer of the nonprofit corporation, not in their individual capacities. In support of that argument, Nathaniel pointed out that the auditor lists the church property as tax-exempt property owned by a church and states that the parties have paid no real estate taxes on the church property. For purposes of this appeal, however, we need not determine whether Nathaniel and Sharon, in their individual capacities, are co-owners of the church, as the trial court's acknowledgment, supported by the public records available on the auditor's website, that Christ International Outreach Ministries has an ownership interest in the church property is sufficient to warrant reversal of the trial court's judgment.

{¶ 10} We take judicial notice of the public business records accessible from the Ohio Secretary of State's website regarding Christ International Outreach Ministries' status as an Ohio nonprofit corporation. *See State ex rel. Harris v. Chairperson of the Ohio Adult Parole Auth.*, 10th Dist. No. 17AP-651, 2018-Ohio-1620, ¶ 23 ("a court may take judicial notice of public court records available on the internet"), citing *State ex rel. Everhart v.*

*McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, ¶ 8; *Harris v. Sunsong Holdings, Inc.*, 2d Dist. No. 28645, 2021-Ohio-1213, ¶ 2, fn. 1 (taking judicial notice of a corporation's registration with the Ohio Secretary of State). There is no dispute that Nathaniel and Sharon registered Christ International Outreach Ministries as a nonprofit corporation with the Ohio Secretary of State on November 8, 2010. https://bizimage.ohiosos.gov/api/image/pdf/201031300271 (accessed Dec. 2, 2024). Its Initial Articles of Incorporation list Nathaniel as a director and list Sharon as an authorized representative and statutory agent. *Id*. No other person is mentioned in the articles of incorporation. As a corporation, Christ International Outreach Ministries is a legal entity distinct from its members. *Albaugh v. Albaugh*, 10th Dist. No. 81AP-637, 1982 Ohio App. LEXIS 12205, *3 (July 22, 1982).

{¶ 11} Next, there is no question that a corporation, including a nonprofit corporation like Christ International Outreach Ministries, may own real property. *See* R.C. 1702.35 ("All property acquired by a corporation by purchase, gift, devise, bequest, or otherwise shall be the absolute property of the corporation, unless at the time of acquiring such property it is otherwise in writing specified."). Here, the trial court acknowledged that the auditor's records demonstrate that Ohio Apostolic Church of Jesus transferred the church property, at least in part, to Christ International Outreach Ministries, a nonparty to this action. Nevertheless, the trial court failed to address Christ International Outreach Ministries' ownership interest, and instead treated the church property as if it were owned completely by Nathaniel and Sharon as marital property. Although Civ.R. 75(B)(1) allows a trial court to add as a party-defendant to a divorce proceeding a corporation having possession of, control of, or claiming an interest in property out of which a party seeks a division of marital property, the trial court did not make Christ International Outreach Ministries a party for the purpose of dividing property in which Christ International Outreach Ministries was at least a partial owner.

{¶ 12} Sharon maintains in her appellate brief that Christ International Outreach Ministries is "defunct" (Am. Appellee's Brief at 9), but according to the Ohio Secretary of State's website, Christ International Outreach Ministries remains an active nonprofit corporation. https://businesssearch.ohiosos.gov?=businessDetails/1975412 (accessed Dec. 2, 2024). But even if, as Sharon argues, the corporation no longer conducts business, its articles of incorporation address dissolution and what is to become of the corporation's property should dissolution occur:

> In the event of the dissolution of the corporation, the Board of Directors shall distribute the remaining assets of the corporation for one or more exempt purposes within the meaning of Section 501(C)(3) of the Internal Revenue Code, or the corresponding section of any future federal tax code.

https://bizimage.ohiosos.gov/api/image/pdf/201031300271 (accessed Dec. 2, 2024). Thus, upon dissolution, property owned by Christ International Outreach Ministries does not simply become the property of Nathaniel and Sharon in their individual capacities.

{¶ 13} The reasoning of the Twelfth District Court of Appeals in *Renz v. Renz*, 12th Dist. No. CA2010-05-034, 2011-Ohio-1634, is persuasive for resolution of this appeal. In *Renz*, the husband challenged the trial court's order that the divorcing parties sell and divide the net proceeds of a business that the husband had formed with a third-party prior to the divorce. The Twelfth District held that the trial court lacked jurisdiction to order the sale of the business. It stated the trial court's finding that the divorcing parties "own[ed] the business" was not supported by competent, credible evidence when both parties testified to co-owning the business with the third-party co-owner. *Id*. at ¶ 19. The Twelfth District held, the "trial court lacked grounds to find that the [nonparty co-owner's] ownership interest was subject to distribution as 'marital property,' " *id*., and erred to the extent it adjudicated the rights of the nonparty co-owner. *Id*. at ¶ 20. *See also Hadley v. Hadley*, 10th Dist. No. 81AP-149, 1982 Ohio App. LEXIS 13228, *10 (Feb. 25, 1982) ("The trial court did not, and could not, determine the rights of any persons who were not a party to the action. Such persons would not be bound by the court's decree."); *Moore v. Moore*, 175 Ohio App.3d 1, 2008-Ohio-255, ¶ 51 (6th Dist.) (No competent, credible evidence supported trial court's conclusion that real estate owned by a trust was marital property.). The same rationale applies here.

{¶ 14} As in *Renz*, the trial court's characterization of the church property as marital property owned by Nathaniel and Sharon is not supported by competent, credible evidence, in light of the trial court's acknowledgment, supported by the public records available on the Franklin County Auditor's website, that Christ International Outreach Ministries held an ownership interest in the church property. The trial court's judgment erroneously adjudicated the rights of Christ International Outreach Ministries, which was not a party to this action. For these reasons, we sustain Nathaniel's sole assignment of error.

{¶ 15} Beyond his argument that Christ International Outreach Ministries is the sole owner of the church property, Nathaniel additionally argues in his appellate brief that

Christ International Outreach Ministries has been combined with and is now also known as God's Way Power of Love Ministries, a church formed by Nathaniel, along with Roland Jefferson, in 2022. Nathaniel filed Initial Articles of Incorporation for God's Way Power of Love Ministries, a nonprofit corporation, with the Ohio Secretary of State on February 10, 2022, naming himself as the corporation's statutory agent and himself and Jefferson as incorporators. https://bizimage.ohiosos.gov/api/image/pdf/202204100966 (accessed Dec. 2, 2024). By claiming that God's Way Power of Love and Christ International Outreach Ministries are now one and the same, he contends that the church property belongs to the current congregation of "Christ International Outreach Ministries aka God's Way Power of Love Ministries." (Appellant's Brief at 9.) The legal relationship, if any, between God's Way Power of Love Ministries and Christ International Outreach Ministries, however, has not been addressed by the trial court and is beyond the scope of this appeal.[2]

## III. CONCLUSION

{¶ 16} Because the trial court's determination that the church property is marital property subject to sale, without the involvement of Christ International Outreach Ministries, is not supported by competent, credible evidence, we reverse the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, and remand the matter to that court for further proceedings concerning the ownership and, if necessary, distribution of the church property.

*Judgment reversed;*
*cause remanded.*

MENTEL, P.J., and LELAND, J., concur.

_____

---

[2] The trial court stated in a footnote that, "[i]n 2022, [Nathaniel] reformed Christ International Outreach Ministries as a new ministry, independent of [Sharon], known as 'God's Way Power of Love Ministries,' " but it offered no analysis of the legal relationship between the two entities. (Jgmt. Entry-Decree of Divorce at 3, fn. 4.)